FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 9:27 am, Nov 24, 2020*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| CHAD SEAN TWO HEARTS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-108 |
| v. | |
| WARDEN LINDA GETER; R. BORGOS; WINSTEN FREEMAN; and J. BURKETT, in their individual and official capacities, | |
| Defendants. | |

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This matter comes before the Court on Plaintiff's failure to comply with the Court's October 19, 2020 Order to furnish his prison trust fund account statement and his consent to collection of fees from that account. Doc. 4. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for Plaintiff's failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. <u>See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349</u>, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; <u>see also</u> <u>Glover v. Williams</u>, No. 1:12-CV-3562, 2012 WL

## BACKGROUND

Plaintiff, who is incarcerated at the Federal Correctional Institution in Jesup, Georgia, brought this <u>Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), action on October 14, 2020.  Doc. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  Doc. 2.  On October 19, 2020, the Court granted Plaintiff's motion.  Doc. 4.  In that Order, the Court instructed Plaintiff to furnish a statement of his prison trust fund account and the consent to collection of fees from that account under 28 U.S.C. § 1915(b)(1).  <u>Id.</u> at 3.  The Court explained that, if Plaintiff failed to complete and return these forms or otherwise respond to the Court's Order by November 18, 2020, the Court would dismiss this case without prejudice for failure to follow this Court's Order and failure to prosecute.  <u>Id.</u> at 4.  On October 19, 2020, the Clerk of Court mailed a copy of the Court's Order to Plaintiff at his last known address, and the Order was not returned to the Court as undeliverable or as otherwise failing to reach Plaintiff.  However, Plaintiff has not complied with that Order, and his time to do so has expired.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and failure to prosecute.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**I.      Dismissal for Failure to Follow This Court's Order and Failure to Prosecute**

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil

Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R.

Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir.

2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).

"A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with

a court order."  Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also

Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir.

2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action

for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown

v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an

action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."

(citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to

counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on

w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to

enforce its orders and ensure prompt disposition of lawsuits."  Brown, 205 F. App'x at 802

(quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).  It is true that dismissal with

prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and

requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and

(2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v.

Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz

v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir.

1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62

F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an

adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing

claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719;

Brown, 205 F. App'x at 802–03.  Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard

of an order, especially where the litigant has been forewarned, generally is not an abuse of

discretion.'"  Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th

Cir. 1989)).[2]

     While the Court exercises its discretion to dismiss cases with caution, dismissal of this

action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to

court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at

620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted

on going forward with deficient amended complaint rather than complying or seeking an

extension of time to comply with court's order to file second amended complaint); Brown, 205

F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983

claims, where plaintiff failed to follow court order to file amended complaint and court had

informed plaintiff that noncompliance could lead to dismissal).

     With Plaintiff having failed to provide the Court with his consent to collection of fees and

his trust account statement as directed, the Court is unable to move forward with this case, as it

---

[2]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even
without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the
Court advised Plaintiff his failure to abide by this Court's Order could result in the dismissal of his
Complaint.  Doc. 4 at 4.

cannot collect the required statutory fees.  See 28 U.S.C. § 1915.  Plaintiff was given ample time

to follow the Court's directives, and Plaintiff has not made any effort to do so or to inform the

Court as to why he cannot comply with its Order.  Thus, I **RECOMMEND** the Court **DISMISS**

**without prejudice** Plaintiff's Complaint, doc. 1, for failure to failure to follow this Court's

Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter

the appropriate judgment of dismissal.

## II.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff

has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of

dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in*

*forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this

context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085,

403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of November, 2020.


        BENJAMIN W. CHEESBRO
        UNITED STATES MAGISTRATE JUDGE
        SOUTHERN DISTRICT OF GEORGIA