FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:02 pm, Dec 01, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHAD SEAN TWO HEARTS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-108 |
| v. | |
| WARDEN LINDA GETER; R. BORGOS; WINSTEN FREEMAN; and J. BURKETT, in their individual and official capacities, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on the November 24, 2020 Report and Recommendation, doc. 5, Plaintiff's submission of his consent and trust account forms, docs. 3, 6, 7, and Plaintiff's Motion to Appoint Counsel, doc. 8. The Court rules as follows.

**I.  Plaintiff's Submissions and Vacatur of Report and Recommendation**

Because Plaintiff has provided the necessary prisoner trust account and consent forms and, thus, complied with the Court's October 19, 2020 Order, doc. 4, I hereby **VACATE** the Report and Recommendation. Doc. 5.[1] Additionally, and in compliance with this Court's prior Order granting Plaintiff leave to proceed without prepayment of fees, Plaintiff has now furnished a copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any costs assessed by the Court from his prison trust account. Based on the information Plaintiff furnished, the Court has determined Plaintiff has had insufficient

---

[1] Plaintiff's submissions were docketed in this Court the day following the issuance of the Report and Recommendation. In addition, Plaintiff previously submitted a printout of his trust account. Doc. 3.

funds in his prison account during the past six months and does not owe an initial partial filing fee.

IT IS THEREFORE ORDERED that Plaintiff's custodian (or his designee) shall set aside 20% of the preceding month's deposits to Plaintiff's trust fund account and forward those funds to the Clerk, United States District Court, Post Office Box 1636, Brunswick, Georgia 31521, each time the set aside amount exceeds $10.00, until the balance of the $350.00 filing fee has been paid in full.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for this Civil Action case number. In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order. A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon the parties and Plaintiff's current custodian.

## II. Motion to Appoint Counsel

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the

assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands Plaintiff is incarcerated, this Court has repeatedly found "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015)); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. If the Court directs service of Plaintiff's Complaint, it will provide Plaintiff instructions regarding the course of proceedings. For these

reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

**SO ORDERED**, this 1st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA