IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHAD SEAN TWO HEARTS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-108 |
| v. | |
| LINDA GETER, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Docs. 1, 21. The Court also construes Plaintiff's Amended Complaint to assert claims under the Religious Freedom Restoration Act ("RFRA").[1] Because of deficiencies in Plaintiff's original Complaint, the Court ordered Plaintiff to submit an Amended Complaint. Doc. 17. Plaintiff's Amended Complaint is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Amended Complaint: all claims for monetary damages against Defendants sued in their official capacities and all claims against Defendant Edge. I further **DIRECT** the Clerk of Court to remove Defendants Geter, Borgos, Freeman, and Burkett from the docket because Plaintiff has not sued these Defendants in his Amended Complaint. However, I **FIND** some of Plaintiff's claims may

---

[1] Plaintiff states he wishes to bring claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). However, RLUIPA only applies to state and local governments, while RFRA applies to the federal government. Therefore, the Court liberally construes Plaintiff's Amended Complaint to state both First Amendment and RFRA claims.

proceed.  Specifically, the Court will direct service of the following claims by separate Order: First Amendment and RFRA claims against Defendants Harris, Howell, and Webber.

## PLAINTIFF'S CLAIMS[2]

Plaintiff asserts he was deprived of his religious feather while held in the Special Housing Unit ("SHU").  Doc. 21 at 6.  When Plaintiff was released from the SHU, Plaintiff states his feather was not promptly returned to him.  Id.  Plaintiff asserts Officers Howell and Webber packed his property, including his feather, upon his placement in the SHU.  Id. at 6, 8.  Plaintiff claims he discussed the disappearance of his feather with Chaplin Ken Harris, who informed him his feather was illegal and had been taken for that reason.  Id. at 7.  Some time later, Plaintiff states Chaplin Ken Harris returned the feather to Plaintiff, but that it was damaged.  Id. at 7.  Plaintiff sues for monetary damages.  Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

---

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017). Plaintiff initially filed a Complaint on October 14, 2020. Doc. 1. Then, on April 12, 2021, after being ordered to do so by this Court, doc. 17, Plaintiff filed an Amended Complaint. Doc. 21. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). The Court informed Plaintiff his Amended Complaint would "supersede and replace his original Complaint." Doc. 17 at 3.

attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Monetary Damages

Plaintiff has sued all Defendants in both their individual and official capacities but also seeks monetary damages. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Bivens does not abrogate the well-established immunity of the federal Government from suit without its consent. See id. "While a plaintiff may bring a Bivens action against a federal officer in his individual capacity, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity." Horne v. Soc. Sec. Admin., 359 F. App'x 138, 143 (11th Cir. 2010). RFRA has been interpreted not to waive sovereign immunity of the federal government. Davila v. Gladden, 777 F.3d 1198, 1210 (11th Cir. 2015); Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1026 (D.C. Cir. 2006). Thus, Plaintiff also cannot bring successful

RFRA claims for damages against Defendants sued in their official capacities.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

## II.    Defendant Edge

Plaintiff lists Defendant Edge as a Defendant but does not mention him further in the body of his Amended Complaint.  Thus, Plaintiff has not stated sufficient factual matter to state a plausible claim against Defendant Edge.  Twombly, 550 U.S. at 570.  For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Edge.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Amended Complaint: all claims for monetary damages against Defendants sued in their official capacities and all claims against Defendant Edge.  I further **DIRECT** the Clerk of Court to remove Defendants Geter, Borgos, Freeman, and Burkett from the docket because Plaintiff has not sued these Defendants in his Amended Complaint.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA